UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kendra Daniels, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:17-cv-271 |
| | : | |
| v. | : | Judge George C. Smith |
| | : | |
| Grange Mutual Casualty Company, | : | Magistrate Judge Jolson |
| | : | |
| Defendant. | | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ORDER OF DISMISSAL
WITH PREJUDICE**

Defendant Grange Mutual Casualty Company ("Defendant" and Plaintiff Kendra Daniels

("Plaintiff") jointly file their Joint Motion for Approval of Settlement and Order of Dismissal with

Prejudice seeking this Court's approval of the Confidential Settlement Agreement and General

Release entered by the parties and attached hereto as **Exhibit A** (hereafter the "Settlement

Agreement"). A proposed order granting this motion has been attached hereto as **Exhibit B** for the

Court's convenience.

I.    **Background**

Plaintiff filed this action in the United States District Court for the Southern District of

Ohio, Eastern Division on April 5, 2017. (ECF No. 1.) Plaintiff's complaint alleged that Defendant

violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage and Standards

Act ("OMFWSA") by failing to pay overtime compensation to Plaintiff.

Since they were retained and at all times during the pendency of this case, Plaintiff's

counsel conferred with Plaintiff about the nature of her claims and the supporting records and

documentation on numerous occasions. The parties agreed to determine if an early resolution was

possible and engaged in informal discovery. Plaintiff's counsel then conducted additional records

analysis, damages calculations, and again conferred with Plaintiff so that a formal settlement demand could be prepared and served. The parties were ultimately able to come to a mutually beneficial resolution of Plaintiff's claims. The Parties executed the Settlement Agreement, subject to approval by the Court pursuant to § 216(b). The Parties reached an agreement regarding the total settlement amount to be made available to Plaintiff, inclusive of all Plaintiff's attorneys' fees and costs. All Parties have signed the Settlement Agreement.

## II.    <u>The Court Should Approve the Settlement</u>

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness". *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008).

Here, the settlement reflects a reasonable compromise of disputed issues. The issues in this case were in dispute and settlement was achieved with an understanding of the disputed claims. The settlement was reached in an adversarial context in which Plaintiff was represented by counsel and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The Parties well understand that litigation is an inherently risky process and the likelihood of success for either party is virtually unknown.

Moreover, the settlement in this case is fair because it represents the potential value of Plaintiff's claim. The calculations used to determine the settlement amount were based upon the actual review of documentation and information from her employment with Defendant. Counsel

for both parties examined documentation and information relating to Plaintiff's claims for unpaid overtime. Numerous settlement demands and counteroffers were exchanged before an agreement was ultimately reached.

In addition, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms*., 137 F.3d 844, 849-50 (5th Cir. 1998); *see also Zoll v. Eastern Allamakee Cmty School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978). The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is ***mandatory***, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers

whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[1]

---

[1] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare,* 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.*, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers,* 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leasaway Deliveries, Inc.,* 1992

Additionally, Plaintiff has submitted sufficient evidence in support of the amount requested for attorneys' fees and costs. *See Fulton v. TLC Lawn Care, Inc.*, 2012 WL 1788140, at *4 (D.Kan. May 17, 2012) (upholding Plaintiffs' fee request when they had submitted time sheets from the attorneys and paralegals, affidavits from lawyers in the community, and a table of expenses). The services rendered to Plaintiff reflect the extensive experience Plaintiff's Counsel have in class action, FLSA and employment law experience that is outlined in the declarations submitted by Plaintiff's Counsel to the Court. (*See* **Exhibit C**, Declaration of Matthew J.P. Coffman; **Exhibit D**, Declaration of Daniel I. Bryant). Accordingly, Plaintiff's counsel's attorneys' fees and costs incurred total $14,199.32, but they will receive $11,650.00 pursuant to the negotiated Settlement Agreement upon approval. *Id.* The requested attorneys' fees and costs represent a reduction of $2,549.32 in Plaintiff's counsel's lodestar fees and expenses. *Id.*

As set forth above, Defendant has agreed after lengthy negotiations to pay a reasonable amount to Plaintiff's counsel for their fees and costs as provided in the Settlement Agreement submitted to the Court. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provision.

A proposed entry is attached hereto as **Exhibit B** for the purpose of approving the settlement and dismissing this action with prejudice, except to retain jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement, if necessary.

---

U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

### III.    Conclusion

For the reasons stated above, the Parties respectfully request the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss this action with prejudice by entering the proposed order attached as **Exhibit B.**

Respectfully submitted:

**COFFMAN LEGAL, LLC**

 /s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1457 S. High St.
Columbus, Ohio 43207
(614) 949-1181
(614) 386-9964 (fax)
mcoffman@mcoffmanlegal.com


**BRYANT LEGAL, LLC**

 /s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859)
1457 S. High St.
Columbus, Ohio 43207
(614) 704-0546
(614) 573-9826 (fax)
dbryant@bryantlegalllc.com

Attorneys for Plaintiff

**VORYS, SATER, SEYMOUR & PEASE, LLP**

 /s/ *Benjamin A. Shepler*
Benjamin A. Shepler (0082569)
J. Alexander Bluebond (0091273)
52 East Gay Street
Columbus, Ohio 43215
(614) 464-6400
(614) 719-4788 (fax)
bashepler@vorys.com
jabluebond@vorys.com

Attorneys for Defendant