# EXHIBIT A

**CONFIDENTIAL AGREEMENT AND RELEASE OF ALL CLAIMS**

This Confidential Agreement and Release of All Claims (hereinafter "Agreement") is made by and between Kendra Daniels (hereinafter "Daniels") and the Grange Mutual Casualty Co. (hereinafter "Grange") (collectively "the Parties").

WHEREAS, the Parties agree and acknowledge that Daniels was employed by Grange, and that Daniels' employment relationship with Grange ended on February 15, 2017 ("Termination Date").

WHEREAS, Daniels filed a lawsuit against Grange in the United States District Court for the Southern District of Ohio, Case No. 2:17-cv-271(hereinafter "Litigation").

WHEREAS, Daniels and Grange now desire to fully and completely settle and dispose of any allegations or claims of whatever kind or nature Daniels ever had, or may now have against Grange, whether known or unknown, or could have in the future based on facts that occurred through the date of her signature on the Agreement;

WHEREAS, this Agreement is the product of negotiation and compromise between Daniels and Grange;

WHEREAS, Daniels has been afforded an adequate opportunity to read and consider the terms of this Agreement, has been given an opportunity to consult with the attorney(s) of her choosing, has carefully considered alternatives to executing this Agreement, and understands and acknowledges that this Agreement settles, bars and waives any and all claims that she has or could possibly have against Grange;

NOW, THEREFORE, in exchange for and in consideration of each of the following promises and other valuable consideration to which Daniels is not otherwise entitled and receipt of which is acknowledged hereby, the Parties hereby agree as follows:

1. <u>Severance Amount</u>.  In consideration of the promises made by Daniels herein, Grange shall pay to Daniels, in care of her attorneys, Twenty-Two Thousand Five Hundred Dollars and Zero Cents ($22,500.00) (the "Settlement Payment") at the time and on the terms and conditions described below.

    a. Grange shall issue a check made payable to "Kendra Daniels" in the amount of Five Thousand Four Hundred Twenty-Five Dollars and Zero Cents ($5,425.00) in settlement of any potential claim for lost wages (the "Wage Payment").  The Wage Payment shall be subject to, and Grange shall withhold, all applicable federal, state and local taxes.  Grange shall report all such withholdings on an IRS Form W-2 issued to Daniels.  Daniels agrees that she is liable for all federal, state and local taxes that are owed on the Wage Payment.

    b. Grange shall issue a second check made payable to "Kendra Daniels" in the amount of Five Thousand Four Hundred Twenty-Five Dollars and Zero Cents ($5,425.00) in settlement of any potential claim for liquidated damages (the

"Non-Wage Payment").  Grange will issue an IRS Form 1099 to Daniels for the Non-Wage Payment.  Daniels agrees that she is liable for all federal, state and local taxes that are owed on the Non-Wage Payment.

c. Grange shall issue a third check made payable to "Bryant Legal, LLC" in the amount of Eleven Thousand Six Hundred Fifty Dollars and Zero Cents ($11,650.00) in settlement of any potential claim for Attorneys' Fees (the "Attorneys' Fees Payment").  Grange will issue an IRS Form 1099 to Daniels and to Bryant Legal, LLC for the Attorneys' Fees Payment.  Daniels agrees that she is liable for all federal, state and local taxes that are owed on the Attorneys' Fees Payment.

d. Daniels represents and acknowledges that the Settlement Payment identified herein is fair, reasonable, and adequate and constitutes payment in full for all of her claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; O.R.C. §4111, *et seq.*; O.R.C. §4113, *et seq.*; and Article II, Section 34a of the Ohio Constitution, including claims for minimum wages, overtime pay, liquidated damages, and attorneys' fees and costs.  As such, the resolution of this matter does not constitute a compromise.  By signing this Agreement, Daniels represents and acknowledges that upon receipt of the Settlement Payment she has been paid in full for any and all wages of any kind and any amount owed by Grange for work Daniels performed for Grange through the date of her signature on this Agreement.

e. The Parties agree that the terms and conditions of this Agreement shall be subject to the review and approval of the U.S. District Court, Southern District of Ohio.

f. All payments listed under subparagraphs (a), (b), and (c) above will be issued within ten (10) business days after Daniels files the Notice of Dismissal with Prejudice in the Lawsuit, provided that the following conditions have been satisfied: (1) Daniels has delivered a signed, original Agreement to Benjamin A. Shepler, Counsel for Grange, at 52 East Gay Street, Columbus, Ohio 43215; (2) Daniels and Bryant Legal, LLC have provided an IRS Form W-9 to Grange's counsel; and (3) the Agreement has been approved by the U.S. District Court, Southern District of Ohio.

2. Release by Daniels.  Daniels and her past, present, and future heirs, administrators, executors, representatives, agents, attorneys, assigns, and all others claiming by or through her or them, voluntarily and knowingly release Grange and its current, future, and former officers, directors, employees, agents, attorneys, insurers, consultants, independent contractors, subsidiaries, parent companies, predecessors, successors, assigns, and all others claiming by or through them (hereinafter "Released Parties"), completely and forever, from any and all claims, causes of action, charges, suits, contracts, promises, losses, damages, expenses, remedies, obligations, costs, attorneys' fees, liabilities, or demands of any kind they may have, whether foreseen or unforeseen, known or unknown, through the date of her signature on this Agreement.  This release shall include without limitation all claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination in

Employment Act of 1967, as amended ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Family Medical Leave Act ("FMLA") or similar state law, the Employee Retirement Income Security Act ("ERISA"), the Genetic Information Nondiscrimination Act ("GINA"), Ohio's anti-discrimination or wage-hour laws, any and all common law causes of action, and any other federal and state civil rights laws or laws relating to employment.  This release shall further include, without limitation, any and all claims relating to or arising out of Daniels's employment with and separation from Grange, including any alleged breach of contract claim whether express or implied, promissory estoppel claim, public policy claim, defamation claim, wrongful termination claim of any description whatsoever, any claim for emotional distress, and any claim for costs or attorneys' fees.

Nothing in this Agreement is intended to, or shall, interfere with Daniels' rights under federal, state or local civil rights or employment discrimination laws to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation.  Daniels, however, shall not be entitled to and expressly and forever waives the right to receive any relief, recovery, or monies in connection with any such action brought against any of the Released Parties, regardless of who filed or initiated any such complaint, charge or proceeding.  Daniels further understands that nothing in this Agreement limits her right to seek a judicial determination of the validity of this waiver, to test the knowing and voluntary nature of this waiver, or to allege a breach of this Agreement by Grange.

3. <u>Confidentiality</u>.  Daniels agrees not to talk about, write about, or otherwise communicate, publicize or disclose at any time to any person the terms or existence of the Agreement, or any fact concerning its negotiation, execution, or implementation; provided, however, that Daniels may disclose such information to the following individuals provided that they agree to abide by the confidentiality provisions of the Agreement:  (i) to her spouse; (ii) to her attorney(s); (iii) to her tax accountants, tax advisors, or taxing authorities as may be necessary for the proper tax treatment of the costs, expenses or proceeds of the Settlement Amount; or (iv) as is otherwise required by law.  Other than set forth above, Daniels shall respond to any inquiry concerning this matter by stating that, "The matter has been resolved" and that "No further comment is permitted."  **The Parties agree that a breach of Section 3 of this Agreement shall constitute a material breach of this Agreement.**

4. <u>Other Litigation</u>.  Daniels agrees that she will not solicit, aid, or encourage any other person to pursue any charges or lawsuits against Grange or the Release Parties, including without limitation current and former employees of Grange.

5. <u>Non-Disparagement</u>.  Daniels agrees not to criticize, disparage, speak negatively, or authorize others to speak negatively, about Grange or the Released Parties.  Moreover, Daniels will not otherwise provide information, issue statements, or take any other action intended or reasonably likely to result in material harm, embarrassment, or humiliation to Grange or the Released Parties, or any individual Grange employee(s), or to cause or contribute to Grange or the Released Parties, or any individual Grange employee(s), to be held in disrepute by any person.

6. <u>Neutral Employment Reference</u>. Grange agrees that if contacted by any person or entity, including potential employers, seeking a reference or verification of employment for Daniels, Grange will only respond with Daniels's job title, dates of employment, and salary. If asked for further information, Grange will respond that it is Grange's policy not to provide any additional information. To receive a neutral reference, Daniels must direct potential employers to Grange's Human Resources Department.

7. <u>Future Employment</u>. Daniels shall not seek to obtain employment of any nature with Grange or any of its affiliates, subsidiaries, parents, or related entities. If Daniels should do so in violation of this provision, she acknowledges that the Agreement and her promise not to seek or accept such employment shall constitute good and proper cause to refuse Daniels' employment. Daniels agrees that she has no rights to such employment, and knowingly and expressly waives any rights she may have to reinstatement or otherwise. Daniels further agrees that Grange or any of its affiliates, subsidiaries, parents, or related entities, shall not incur liability of any kind or nature by virtue of its refusal to rehire Daniels or to consider Daniels for employment.

8. <u>Indemnification</u>. Daniels agrees to be solely liable for any and all income taxes, employment taxes or other taxes or assessments owed by her in connection with any payment made pursuant to the Agreement. Daniels agrees to indemnify Grange for any and all liabilities, including penalties and interest charges, which may be assessed by any taxing authority in connection with any payments made pursuant to the Agreement.

9. <u>No Liability or Admission of Any Party</u>. This Agreement and the terms hereof are not and shall not be used or construed as evidence of an admission on the part of Grange or any of the Released Parties respecting the validity of any allegations, or of Grange's or the Released Parties' liability, including penalties and interest, with respect to any claims or allegations, or of any wrongdoing by them whatsoever, all of which Grange and the Released Parties expressly deny. Moreover, this Agreement shall not be offered as evidence for any purpose in any other litigation or otherwise other than for the purpose of enforcing the terms of this Agreement.

10. <u>Governing Law</u>. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Ohio.

11. <u>Enforcement of Terms</u>. Failure to insist upon strict compliance with any of the terms, covenants, or conditions thereof shall not be deemed a waiver of any such term, covenant or condition, nor shall such failure at any one time or more times be deemed a waiver or relinquishment of any other time or times of any right under the terms, covenants, or conditions thereof. If any provision thereof shall be determined to be unlawful or improper, or unenforceable for any other reason, the remaining provisions of this Agreement shall remain in full force and effect.

12. <u>Modifications</u>. No modification thereof shall be effective unless the same be in writing duly executed by all parties hereto.

4

13. **Original and Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute a single memorandum.

14. **Inadmissible Evidence.** The Parties agree that the Agreement shall not be admissible as evidence in any federal, state, county, municipal, or administrative proceeding, except that Daniels or Grange may submit the Agreement to the appropriate court or agency in the event another party breaches the same.

15. **Entire Agreement.** This Agreement is the complete and exclusive statement of the agreement among the Parties, superseding all proposals and prior agreements, oral or written, and all other communication among the Parties relating to the subject matter herein. The Parties understand and acknowledge that this Agreement is made without reliance upon any statement or representation other than those expressly contained herein. This Agreement shall not be subject to any claim of mistake of fact and is intended to be final and complete. Section headings are for reference purposes only and do not affect the interpretation of this Agreement.

16. **Acknowledgment of Voluntary Act and Intention to Execute Agreement.** Daniels acknowledges that she has carefully read this Agreement, that she has had time to consult with an attorney with reference to same, and that she now knowingly and voluntarily agrees to each and every term contained within this Agreement and to execute the same.

17. **Binding Authority.** The individual signing this Agreement on behalf of Grange represents and warrants to Daniels that he/she has the express authority of Grange to enter into this Agreement, and that when such individual has executed this Agreement, this Agreement is a valid, binding and enforceable Agreement as to Grange.

IN WITNESS WHEREOF, Daniels and Grange hereby execute the Agreement on the date indicated below.

_____        2-8-18
Kendra Daniels                                             Date

Grange Mutual Casualty Co.

_____        2-16-2018
Jane C. Wichman                                        Date
Corporate Counsel

5